

Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-12-00017-CV

Richard **PAYNE**,
Appellant

v.

Brenda A. **TORRES**, et al.,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 11-04-00094-CVK
Honorable Ron Carr, Judge Presiding

PER CURIAM

Sitting:     Rebecca Simmons, Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  March 7, 2012

DISMISSED FOR WANT OF JURISDICTION

In the underlying cause in this appeal, the trial court signed a final judgment on August 16, 2011. The record does not show that a motion for new trial or request for findings of fact and conclusions of law was timely filed, therefore, the notice of appeal was due to be filed on September 15, 2011. However, if a person affected by a judgment does not receive the required notice and does not acquire actual knowledge of the signing within twenty days of the judgment, the period to file a notice of appeal may be extended. *See* TEX. R. APP. P. 4.2(a)(1).

Nevertheless, the period may not "begin more than 90 days after the judgment or order was signed." *See id.* In this case, the extended period began not later than November 14, 2011, and the notice of appeal was then due not later than December 14, 2011. A motion for extension of time to file the notice of appeal was due not later than December 29, 2011. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Inmate appellant Richard Payne asserts he did not have actual knowledge or receive the required notice within twenty days of the date the judgment was signed and did not acquire actual knowledge of the judgment until January 4, 2012. *See* TEX. R. CIV. P. 306a.3; TEX. R. APP. P. 4.2(a)(1). Appellant filed his notice of appeal with this court on January 10, 2012. Even considering the maximum extended period allowed under the rules, appellant's notice of appeal was late. *See* TEX. R. APP. P. 4.2(a)(1).

On January 27, 2012, we ordered appellant to show cause in writing not later than February 16, 2012, why this appeal should not be dismissed for want of jurisdiction. *See id.* R. 42.3(a); *Verburgt*, 959 S.W.2d at 617 ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). We warned appellant that if he failed to respond within the time provided, this appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). To date, appellant has filed no response to our January 27, 2012 order. Therefore, this appeal is dismissed for want of jurisdiction. *See id.* 42.3(a).

PER CURIAM